UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BYRON WILLIAMS,

    Plaintiff,

v.                                           CASE NO. 21-12599
                                             HON. DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION TO DISMISS [ECF No. 15]**

**I.    INTRODUCTION**

Plaintiff Byron Williams has sued Defendants State of Michigan Department of Health & Human Services ("MDHHS"), Randy Valinski, LaSonya Thomas, Denise Tadsen, Leon Broadnax, Diane Montri, and Elizabeth Hertel, alleging Defendants violated: (1) 42 U.S.C. §§ 1983, 1981; (2) the Elliott-Larsen Civil Rights Act ("ELCRA"); (3) Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) the Family and Medical Leave Act ("FMLA"); (5) the Americans with Disabilities Act ("ADA"); and (6) the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"). ECF No. 10 (Amended Complaint).

1

On February 4, 2022, Defendants filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF No. 15] The Motion has been fully briefed. The Partial Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND

Plaintiff filed his initial complaint in Washtenaw County Circuit Court. Defendants then removed this case to federal court. After the case was removed, Plaintiff filed an Amended Complaint. Plaintiff was employed by Defendant MDHHS at the Center for Forensic Psychiatry located in Saline, Michigan. All of the individual Defendants are employees of the State of Michigan, primarily at the Forensic Center and/or with MDHHS. Plaintiff alleges that there has been an ongoing pattern and practice of discrimination and harassment, including based on race, at the Forensic Center. He filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on at least two occasions: March 22, 2017 and May 2, 2019. The EEOC issued a right to sue letter less than 90 days prior to Plaintiff filing this action.

Plaintiff also has alleged that he suffered from two broken ribs, spinal trauma, a hyper-extended left knee, and a pulled groin, but he does not specify when or how this occurred. When his doctor released Plaintiff to return to work on or about October 2, 2020, Defendants advised Plaintiff that he would have to

2

reapply for his position. Plaintiff reapplied for his position, and others, but he was not rehired by MDHHS or the State of Michigan, including by the Michigan Department of Corrections.

## III. APPLICABLE LAW

### A. Rule 12(b)(1)

> Fed.R.Civ.P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack). *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis. *Id*.
>
> A factual attack challenges the factual existence of subject matter jurisdiction. In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case. *Id*. Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

*Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review

the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. ANALYIS

#### A. Eleventh Amendment

Absent consent, the Eleventh Amendment shields a State and its departments from being sued in federal court, *Alabama v. Pugh*, 438 U.S. 781 (1978); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), and a State is immune from lawsuits brought by citizens of its or any other State. *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). Congress has not waived a State's immunity for

purposes of § 1981, and there is no evidence that the State of Michigan has waived sovereign immunity for the purposes of a § 1981 claim. *See Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1179 (6th Cir. 1987) ("[T]he Eleventh Amendment bars a § 1981 action against a state.").

Plaintiff contends that a State waives its Eleventh Immunity when it removes a cause of action to federal court, as Defendants have in this case. Citing *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 391, n.7 (6th Cir. 2007); *Lapides v. Board of Regents Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002). Plaintiff's argument is misplaced, however, as the cases upon which he relies involved state law claims where the governmental entity had expressly waived sovereign immunity. *See, e.g., Agrawal v. Montemagno*, 574 F.App'x 570, 572 (6th Cir. 2014) ("*Lapides* is limited to state law claims for which the state has waived or abrogated its immunity."); *Dantz v. Am. Apple Group, LLC*, 123 F.App'x. 702, 706–07 (6th Cir.2005) (unpublished) (*Lapides* "was limited to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings"); *Cookeville*, 484 F.3d at 391, n.7 ("This constitutional language of course does not lift the sovereign immunity of the United States. In this case, however, the federal agency consented to jurisdiction so

5

that, as agreed by RUS counsel at oral argument, there is no sovereign immunity issue in this case.").

The Court finds that Defendants have not waived immunity simply by virtue of removal—and this Court upholds Defendants' valid assertion of Eleventh Amendment immunity (as to the individual Defendants, at least to the extent they are being sued in their official capacities), to be determined on a claim by claim basis, as discussed below.

### B. Count I - Section 1981 Claim

Defendants argue that Plaintiff's Section 1981 claim must be dismissed as to all Defendants, even if sued in their individual capacities. Citing *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989). In *Jett*, the Supreme Court held that "the express action at law provided by § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, provides **the exclusive federal damages remedy** for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett*, 491 U.S. at 735 (1989) (emphasis added) (internal quotations omitted). The Sixth Circuit has recognized that "the circuits are split on whether subsection (c) (42 U.S.C. §1981(c)) creates a private cause of action against State actors, thus overruling the Supreme Court's decision in *Jett*." *Arendale v. City of Memphis*, 519 F.3d 587, 596 (6th Cir. 2009),

6

citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006); *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204, 1213 (9th Cir. 1996). And, although the Ninth Circuit disagrees, the Sixth Circuit has concluded that *Jett* is binding authority and "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Arendale*, 519 F.3d at 598-99.

In this case, all of the Defendants are either the State or state employees whom Plaintiff currently seeks to hold liable for acts taken in the context of and under authority derived from their state employment. For that reason, Plaintiff's only possible viable claim is pursuant to § 1983 – not § 1981. *See McCormick v. Miami University*, 693 F.3d 654 (6th Cir. 2012) (individual state actors could not be sued, even in their individual capacity, under § 1981). The *McCormick* court reasoned that it would be illogical to conclude that *Jett* would bar plaintiffs from suing state actors in their official capacities under § 1981 but allow them to be sued in their individual capacities. *Id*. at 661.

Plaintiff concedes that *Arendale* controls the issue at this time and that his § 1981 claims should be dismissed. Plaintiff requests that the dismissal of his § 1981 claims be without prejudice, however, in the event the Supreme Court resolves the split among the circuits or the Sixth Circuit overturns *Jett*. For the reasons stated,

the Court dismisses Plaintiff's 42 USC § 1981 claim in its entirety, though it does so without prejudice to the extent Plaintiff is suing the individual Defendants in their individual capacities.

### C. Count I - Section 1983

For purposes of § 1983, neither a State nor any of its officials acting in an official capacity constitutes a person subject to liability. *See Will v. Dep't of State Police*, 491 U.S. 58, 76 (1989). Plaintiff's § 1983 claim was not filed against the State of Michigan (MDHHS), but it was filed against all of the individual defendants (except Thomas). To the extent that Plaintiff's § 1983 claim seeks monetary damages, it is dismissed against the individual Defendants to the extent that they are sued acting in their individual capacities.

The Sixth Circuit requires plaintiffs "seeking damages under § 1983 to set forth clearly in their pleading that they were suing state officials as individuals, rather than as officials." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit uses a course of proceedings test "to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable, albeit without clearly labeling the test as such." *Id.* at 772.

Plaintiff conclusorily states that he "has successfully plead[ed] claims against the individual Defendants in their individual capacity." ECF No. 24, PageID.239.

8

Plaintiff does not cite any language from the Amended Complaint that shows—nor does he otherwise explain—how he has sued any one or more of the individual Defendants in their individual capacities. The Amended Complaint simply states, "The individuals involved in this matter were acting under color [of] state law."

A state actor (officer) may be liable for actions taken under the color of state law under certain conditions, as the Eleventh Amendment does not shield state officers simply because they are performing their official acts when such acts cause the deprivation of a Federal right. *Hafer v. Melo*, 502 U.S. 21, 31 (1991). As Defendants argue, Plaintiff: (a) does not specify that any of the state officers were acting outside the scope of their employment (a key indicator of acting in an individual or "personal capacity"), *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995); (b) includes no personal liability references in the Amended Complaint; and (c) removed any personal liability language from the initial Complaint when filing the Amended Complaint.

The Court could dismiss Plaintiff's § 1983 claim for failure "to set forth clearly in [his] pleading that [he is] suing [the] state officials as individuals, rather than as officials." *Moore, supra.* And, particularly as Plaintiff has already had an opportunity to amend his complaint, the Court has grounds to dismiss the § 1983 claim. The Court dismisses the § 1983 claim to the extent it seeks monetary

9

damages, unless Plaintiff "stipulate[s] to clarifying that the claims for damages are brought against Defendants in their individual capacities," as he represents he would do (s*ee* ECF No. 24, PageID.239), and the Court finds the interests of justice warrant permitting Plaintiff to file a viable § 1983 claim (in a Second Amended Complaint).

As Plaintiff correctly states, a party may "seek injunctive relief against individual state officials sued in their individual capacities." *Singh v. Michigan State Univ.*, 2020 U.S. Dist. LEXIS 165432 (W.D. Mich. 2020) (citations omitted) (allowing a claim for prospective injunctive relief – reinstatement to the osteopathic medical program at the school). In his Amended Complaint, Plaintiff alleges that "Plaintiff is seeking equitable relief against Defendants Broadnax, Montri, Tasden,

Valinski and/or Hertel in their official capacities as more fully set forth above," ECF No. 10, PageID.110 (at ¶ 57). Plaintiff specifies reinstatement to his position and seniority as a form of equitable relief sought. *Id*. at ¶ 56.

As with his other claims, however, the Court finds that Plaintiff has not indicated that he is seeking relief (even injunctive relief) against any Defendant in her or his individual capacity for any alleged § 1983 violation(s). Unless he identifies a Defendant whom he is suing in an individual capacity and amends his §

10

1983 claim to include such allegations, Plaintiff's § 1983 claim will be dismissed in its entirety. The Court will allow Plaintiff to amend his complaint within 21 days of the date of this Order.

### D. Count IV - FMLA Claim

Plaintiff's FMLA claim has been brought against only the following individual Defendants: Valinski, Tadsen, and Thomas. The FMLA claim has not been brought against the MDHHS. The Sixth Circuit has held that a public official is not an employer for purposes of the FMLA when sued in her individual capacity. *Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003). Based on that holding, at least in the Sixth Circuit, the FMLA's individual liability provision does not extend to a public agency or to its public employees. *Id.* at 832–33. As Plaintiff has filed his FMLA claim only against public officials (as Valinski, Tadsen, and Thomas indisputably are), the Court dismisses Plaintiff's FMLA claim.

### E. Count V – ADA Claim

In Count V, where Plaintiff claims Defendants violated his ADA rights, Plaintiff has requested monetary damages and "also request[ed] equitable relief in the form of reinstatement to his position with the [MDHHS], reinstatement to seniority and reinstatement for civil service status, and any other equitable remedy necessary to make him whole." ECF No. 10, PageID.86 (at ¶ 86). The parties

11

agree that Plaintiff cannot maintain a claim for monetary damages under the ADA. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 374 n. 9 (2001) ("Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I . . . .").

Plaintiff contends that his equitable claims pursuant to the ADA should survive, relying on the following Sixth Circuit language:

> Because Title I did not abrogate the states' Eleventh Amendment immunity, individuals may not sue states for money damages under Title I. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). **However, individuals can seek prospective injunctive relief for Title I violations pursuant to *Ex parte Young*.** *Id*. at 374 n. 9, 121 S.Ct. 955; *see Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Accordingly, Whitfield's Title I claim survives the Eleventh Amendment only to the extent that it constitutes an *Ex parte Young* action for prospective injunctive relief. *Garrett*, 531 U.S. at 374 n. 9, 121 S.Ct. 955. The question, then, is whether Whitfield's Amended Complaint contains such an action.
>
> An *Ex parte Young* action may be commenced only against a state official acting in her official capacity and may "seek [only] prospective relief to end a continuing violation of federal law." *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir.2002). The question of whether a complaint contains an *Ex parte Young* action is determined on a claim-by-claim basis. *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir.2005) (en banc) ("We consider Eleventh Amendment immunity, as well as any exceptions to it, on a claim-by-claim basis.").

*Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) (emphasis added).

Defendants argue that Plaintiff's Amended Complaint does not specify any state official acting in her or his official capacity against whom injunctive relief is

12

sought. Although Plaintiff specifically requests reinstatement in his ADA claim, he only refers to the actions of "Defendants" generally.

The Court finds that Plaintiff has not sufficiently pleaded an ADA claim for reinstatement against a state official acting in her or his official capacity, such that Count V is ripe for dismissal in its entirety. At this early stage of the proceedings, however, if he can do so, the Court will allow Plaintiff to amend his ADA reinstatement claim to identify the state official(s) acting in an official capacity against whom he brings such a claim for reinstatement.

For the reasons stated, the Court grants Defendants' motion to dismiss Plaintiff's ADA claim to the extent he seeks monetary damages and denies the motion to dismiss to the extent Plaintiff seeks injunctive relief (reinstatement of his position and seniority).

## V.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Partial Motion to Dismiss [ECF No. 15] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff may file a second amended complaint within 21 days of the date of this Order.

IT IS FURTHER ORDERED that a new scheduling order will be issued following the filing of a second amended complaint or after 21 days following the date of this Order if a second amended complaint is not timely filed.

IT IS FURTHER ORDERED that the parties shall appear for the settlement conference scheduled before Magistrate Judge Curtis Ivy, Jr. on May 8, 2023.

Dated: April 28, 2023                     s/Denise Page Hood
                                          DENISE PAGE HOOD
                                          UNITED STATES DISTRICT COURT